NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3294
_____

DJORDJE ZIVKU,
a/k/a George Zivku,
Petitioner

v.

ATTORNEY GENERAL OF THE
UNITED STATES OF AMERICA
_____

On Petition for Review from an
Order of the Board of Immigration Appeals
(Board No. A209-307-987)
Immigration Judge:  John P. Ellington
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
April 24, 2020

Before: PHIPPS, RENDELL, and FISHER, *Circuit Judges*.

(Filed: June 30, 2020 )
_____

OPINION[*]
_____

FISHER, *Circuit Judge.*

Djordje Zivku, a Serbian citizen, seeks review of a denial of his motion to reopen

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

removal proceedings. He claims that he was provided ineffective assistance of counsel (IAC) when he elected voluntarily to depart the United States. For the reasons that follow, we will deny the petition.[1]

The Fifth Amendment's Due Process Clause guarantees to noncitizens effective counsel in removal proceedings.[2] Yet, in *Matter of Lozada*, the Board of Immigration Appeals (BIA) imposed three threshold procedural requirements on all motions to reopen premised on an IAC claim: (1) the motion "should be supported by an affidavit of the allegedly aggrieved [noncitizen] attesting to the relevant facts"; (2) "former counsel must be informed of the allegations and allowed the opportunity to respond," and any response, or failure or refusal thereof, "should be submitted with the motion"; and (3) "the motion should reflect whether a complaint has been filed with appropriate disciplinary authorities regarding such representation, and if not, why not."[3]

Although we do not "apply a strict, formulaic interpretation of *Lozada*,"[4] our Court has "generally agree[d]" that denial of a motion to reopen on *Lozada* grounds "is not an abuse of the [BIA]'s wide-ranging discretion."[5] The "requirements serve as a threshold and screening mechanism to help the [BIA] assess the substantial number of

---

[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. Because the BIA both affirmed the IJ's decision and added its own analysis, we review each decision. *Contreras v. Att'y Gen. of U.S.*, 665 F.3d 578, 583 (3d Cir. 2012). "We review the denial of a motion to reopen for abuse of discretion and may reverse only if the denial is arbitrary, irrational, or contrary to law." *Id.*

[2] *See Lu v. Ashcroft*, 259 F.3d 127, 132 (3d Cir. 2001).

[3] 19 I. & N. Dec. 637, 639 (B.I.A. 1988).

[4] *Zheng v. Gonzales*, 422 F.3d 98, 106 (3d Cir. 2005) (alteration omitted) (quoting *Lu*, 259 F.3d at 133).

[5] *Lu*, 259 F.3d at 133.

[IAC] claims that it receives."[6] Here, Zivku has failed to satisfy both the second and the third prongs, and that is enough to doom his petition.[7]

Under the second prong, Zivku was required not only to inform James Scallion, his former counsel, of the allegations against him, but also to allow Scallion the opportunity to respond. The immigration judge (IJ) and the BIA did not abuse their discretion in finding that Zivku failed to accomplish the latter. Zivku retained his new counsel shortly after his removal hearing on November 2, 2017. Even if, as he argued in his motion, it took the immigration court some time to send his new counsel a record of the hearing, that issue, as the BIA noted, appears to have been resolved by November 27. Nearly one and a half months then elapsed before Zivku sent the requisite letter to Scallion on January 10, 2018. And even then, three weeks still remained until the January 31 deadline—when Zivku had either to depart the country or to move to reopen. However, he filed his motion only two days later, providing no indication that Scallion received the letter, let alone responded (or failed or refused to respond) to it. Given this timeline, Zivku had ample opportunity to notify Scallion of his intent to file a motion to reopen and either to receive a response or reasonably to conclude that Scallion would not respond.[8]

---

[6] *Fadiga v. Att'y Gen. USA*, 488 F.3d 142, 155 (3d Cir. 2007) (internal quotation marks omitted); *see Lozada*, 19 I. & N. Dec. at 639.

[7] *See Lu*, 259 F.3d at 134-35 (affirming a denial of a motion to reopen where the petitioner failed to meet two of the three *Lozada* requirements).

[8] "[T]he potential for abuse is apparent," the BIA wrote in *Lozada*, "where no mechanism exists for allowing former counsel, whose integrity or competence is being impugned, to present his version of events if he so chooses, thereby discouraging baseless allegations." 19 I. & N. Dec. at 639.

For similar reasons, Zivku also did not fulfill the third *Lozada* requirement. It is undisputed that he failed to file a bar complaint before filing his motion, and indeed before January 31. Nevertheless, we have "stress[ed] that the failure to file [such] a complaint is not fatal if a petitioner provides a reasonable explanation for his or her decision."[9] In his motion, Zivku cited our decision in *Fadiga v. Attorney General* for the proposition that "a [petitioner] is not required to file a bar charge where a lawyer confessed error and submitted a detailed affidavit regarding ineffective assistance of counsel."[10] Yet that is not what occurred here: Scallion did not "fully and openly own[] up to his error and provide[] a detailed affidavit attesting to the problems in the representation"[11] before Zivku moved to reopen.

Moreover, as noted above, the IJ and BIA reasonably concluded that Scallion was not provided an opportunity to respond before the motion was filed. In evaluating failures to satisfy *Lozada*'s bar-complaint prong, we have referred to the policies underlying that requirement, among which are "identifying, policing, and correcting misconduct in the immigration bar"; "deterring meritless claims of ineffective assistance of counsel"; and "reducing the need for an evidentiary hearing."[12] None of these is realized when the former counsel is deprived of an opportunity to respond—to acknowledge the error of his ways or to present his side of the story. Accordingly, the agency did not abuse its

---

[9] *Lu*, 259 F.3d at 134 (emphasis omitted).
[10] AR 120 (citing *Fadiga*, 488 F.3d at 155-57).
[11] *Fadiga*, 488 F.3d at 156-57.
[12] *Rranci v. Att'y Gen. of U.S.*, 540 F.3d 165, 174 (3d Cir. 2008) (citing *Fadiga*, 488 F.3d at 156).

4

discretion in finding that Zivku failed satisfy the third *Lozada* prong.

For these reasons, we will deny the petition for review.